STATE OF NORTH CAROLINA v. BOBBY DEAN SHEDD

No. 7027SC664

(Filed 16 December 1970)

1. Criminal Law § 84; Searches and Seizures § 2— warrantless search — consent by defendant

Where an individual waives his immunity from unreasonable searches and seizures by consenting to a search of his person or premises, he may not thereafter complain that his constitutional rights were violated by the search.

2. Criminal Law § 84; Searches and Seizures § 2— immunity from unreasonable searches and seizures — personal privilege

The immunity from unreasonable searches and seizures is a privilege personal to those whose rights thereunder have been infringed.

3. Criminal Law § 84; Searches and Seizures § 2— defendant serving prison sentence — search of wife's residence — consent to search — standing of defendant to complain

If defendant, who was out of prison under the work release program on the night of the crime, was an occupant of the residence where his wife lived, he waived his right to complain of a warrantless search of the residence by police when he consented at the police station to such a search; if defendant was not an occupant of the residence, his wife waived the necessity of a search warrant by consenting to the search and defendant has no standing to complain of the search.

APPEAL by defendant from *Falls, J.,* July 1970 Criminal Session, GASTON Superior Court.

Defendant was charged in a bill of indictment with (1) feloniously breaking and entering a building occupied by John's Pharmacy of Stanley, Inc. and (2) felonious larceny of personal property from said place of business. The plea was not guilty,

a jury returned a verdict of guilty as charged, and from judgment imposing active prison sentences, defendant appealed.

*Attorney General Robert Morgan by Staff Attorney Charles A. Lloyd for the State.*

*Bob W. Lawing for defendant appellant.*

BRITT, Judge.

In his first assignment of error defendant contends that the trial court committed error in admitting testimony relating to, and obtained as the result of, a search of the premises at 1611 Cole Street in the City of Gastonia. He contends his constitutional rights were violated in the search of the premises without a search warrant and seizure of evidence therefrom.

The record discloses: On the date of the alleged offense, defendant was serving a sentence at the Dallas Prison Camp. On the night in question he had been released from prison to work in a Gastonia mill under the work release program; however, he did not work in the mill that night. His wife and certain of her relatives resided in a house at 1611 Cole Street in Gastonia. Police Officer Auten testified that he asked defendant (who was at police headquarters at the time) if he had any objection to police searching the residence at 1611 Cole Street and defendant stated "that he had no objections but he didn't live there; that we had to talk to his wife." Officer Auten testified that he then went to the residence and that defendant's wife gave police permission to search the premises.

[1-3] It is well settled that an individual may waive any provision of the Constitution intended for his benefit, including the immunity from unreasonable searches and seizures; and where such immunity has been waived and consent given to a search of his person or his premises, an individual cannot thereafter complain that his constitutional rights have been violated. *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376 (1968) ; *cert. den.,* 393 U.S. 1087, 21 L. Ed. 2d 780. It is also well settled that the immunity to unreasonable searches and seizures is a privilege personal to those whose rights thereunder have been infringed. *State v. Craddock,* 272 N.C. 160, 158 S.E. 2d 25 (1969). Applying these principles to the case at hand, if defendant was the occupant of the premises at 1611 Cole Street, he waived his

right that the premises not be searched without a search warrant; if his wife was the occupant, not only did she waive the necessity of a search warrant but defendant has no right to complain. The assignment of error is overruled.

In his assignments of error based on exceptions 6 and 14, defendant contends the trial court erred in not allowing his counsel to cross-examine a State's witness about certain matters and in admitting certain other testimony. Suffice to say, we have carefully considered these assignments and finding them without merit, they are overruled.

Defendant's remaining assignments of error relate to the judge's charge to the jury. We have carefully reviewed the charge and hold that when it is read contextually and considered as a whole, it is free from prejudicial error. 1 Strong N. C. Index 2d, Appeal and Error, § 50, p. 203. The assignments of error are overruled.

No error.

Judges CAMPBELL and HEDRICK concur.